**UNITED STATES of America**

v.

**Bruce A. BALBACK.**

**Crim. No. SA–90–CR–302.**

United States District Court,
W.D. Texas,
San Antonio Division.

Aug. 22, 1991.

---

Jack Carter, San Antonio, Tex., for Bruce A. Balback.

Demetrius Bivins, U.S. Atty., for U.S.

### ORDER

PRADO, District Judge.

On this date the Court considered the above-captioned appeal from the orders of the United States Magistrate Judge refusing Defendant Balback's request for refund of sums paid under an Authorization for Distribution of Available Private Funds. After careful consideration, the Court finds that the Magistrate Judge erred in refusing a refund, and for the reasons set out below will order that $218.00 be returned to the Defendant.

On October 2, 1990, a criminal complaint was filed against Bruce Balback, alleging that on September 14, 1990, he had operated a motor vehicle on Randolph Air Force Base while intoxicated. A summons was issued, and on October 15, 1990, he appeared before a United States Magistrate

Judge and was released on a $2000 unsecured bond.

At his initial appearance, Balback requested appointment of counsel, and the magistrate appointed the Federal Public Defender to represent him. After reviewing Balback's financial affidavit, the magistrate also signed an Authorization for Distribution of Private Funds, ordering Balback to pay "attorney's fees at the statutory rate as found in 18 U.S.C. § 3006A(d) in full." Balback was directed to make four initial monthly payments of $100 dollars, the first due in November, the last in the following February.

On November 7, 1990, the government filed an information charging Balback with driving while intoxicated, a violation of the Assimilated Crimes Act, which incorporates Texas' driving-while-intoxicated law. On December 3, 1990, Defendant filed a motion to dismiss, claiming that the government had to file an indictment because the Texas D.W.I. law carries a maximum penalty of two years imprisonment. While the motion was pending, the parties reached a plea agreement, and on February 8, 1991, Defendant pleaded guilty and was sentenced to pay a fine of $250.

Defendant paid the first installment in November of 1990. On December 14, 1990, the magistrate issued a show cause order, alleging that Defendant had not paid the $100 due on December 1, 1990. Defendant responded that he had paid the December, January, and February installments, and asked to be relieved from further payments. Although the magistrate denied that request on January 3, 1991, on February 11, 1991, the magistrate issued an order discharging the Defendant from further obligations under the Authorization order.

On February 12, 1991, Defendant filed a Motion for Refund of Monies Paid Pursuant to Order of Authorization for Distribution of Available Private Funds. Defendant requested a refund of monies paid in excess of attorney's fees as computed at the statutory rate. In support of the motion, Defendant attached an affidavit of counsel itemizing the time expended and calculating attorney's fees at the statutory rate. According to the affidavit, attorney's fees totalled $179.00.

By order of February 21, 1991, the magistrate denied the motion, stating that in his affidavit counsel had not accounted for all the time he had spent on the case, and that therefore Defendant had not shown that he was entitled to the refund he requested. The magistrate pointed out that counsel had not included time spent preparing a motion to dismiss, the motion for refund, or in reviewing and/or preparing responses to various court orders and notices.

On March 7, 1991, Defendant filed a Motion to Reconsider, and included an amended affidavit by counsel which explained that the activities omitted had required less time to complete than would have taken to record them, or should be considered part of office overhead and thus were not reasonably related to Defendant's case. For example, the motion to dismiss was a standard form motion, and the only case-related work performed by counsel was insuring that the style of the case was correct and affixing his signature. With regard to five miscellaneous orders and notices, counsel explained that he merely read them, and in some cases make a calendar notation. The time spend on these activities was in his opinion *de minimus*. Counsel considered the time spent on the motion for refund and response to show cause order to be incorporated into the hourly billing rate and thus not related to Defendant's case. Those activities are similar to the completion of vouchers by appointed private counsel, an activity that is considered to be for the attorney's benefit and not specifically related to defense of the client. *See United States v. James*, 301 F.Supp. 107, 131–2 (W.D.Tex.1969). In his amended affidavit, Counsel swore that the amount of attorney's fees should be $182.

On March 13, 1991, still dissatisfied with counsel's accounting of his time, the magistrate denied the motion to reconsider, and expressed further dissatisfaction with the defender services system in which "[i]t ... appears that the rates now being used

($40/$60) to calculate the reimbursement required from this defendant significantly underestimate the actual per hour cost to the government of his representation." Order of 3/13/91, p. 3. The magistrate disagreed with counsel's refusal to assign time and thus dollar value to the alleged "*de minimus*" review of orders or completion of form notices, pointing out that "[a]ll services which were provided to defendant by the defense counsel consumed time and therefore cost the taxpayer." Order of 3/13/91, p. 3. Defendant should pay the government for time spent on the motion for reimbursement because "having expended the time on defendant's behalf, counsel's services will not now be held to have been 'unreasonable.'" Order of 3/13/91, p. 4. Because the magistrate was of the opinion that counsel had continued to omit time spent on Defendant's behalf, the magistrate refused to award any refund. This appeal followed.

The government has framed the issue as "not whether or not the Defendant is entitled to a reimbursement, it is how much he is entitled to." Gov't Brief of 6/21/91, p. 7. The Court agrees. The Court also agrees with the magistrate's observation that the rates as applied probably underestimate the true cost to the government of providing the constitutionally-required representation to indigent defendants. The Court further agrees that the magistrate was entitled to question counsel about his initial affidavit if the magistrate had a legitimate basis for believing that important or time-consuming matters had been omitted. However, once counsel presented his second affidavit accounting for his time and offering a reasonable explanation for omission of certain items, the magistrate, barring any suspicion of intentional misrepresentation or fraud, should have determined the appropriate refund from the sworn information available to her. The Court will not require the Federal Defender to submit detailed time slips such as those frequently used in private practice, and does not believe that the omitted time amounted to the more than five hours that would have had to have been spent for the remainder of the $400 to have been con-

sumed. This is not the typical situation in which an attorney is motivated to pursue recoupment of fees for personal gain, but one in which an officer of the court has twice sworn to the amount of time expended that was reasonably related to Defendant's case. The Court therefore finds that based on the amended affidavit of counsel, Defendant shall be refunded the sum of $218.

Accordingly, it is hereby ORDERED that the DISTRICT CLERK refund to DEFENDANT BALBACK the sum of $218.00.