**UNITED STATES of America**

v.

**Francisco NUNEZ–GARCIA aka Enrique Nunez.**

**No. 95–0266R–01.**

United States District Court, W.D. Texas, El Paso Division.

March 16, 1995.

Amy K. Beaton, Federal Public Defender, El Paso, TX, for defendant.

### ORDER

RUESCH, United States Magistrate Judge.

On this date came on to be considered Defendant's Motion to Reconsider Request for Remission of Excess Attorneys Fees and his supporting Memorandum, both filed on February 23, 1995. In these pleadings, Defendant requests that this court remit $120 or $150 of the $200 paid by Defendant for the fee of his appointed attorney, the Federal Public Defender.

When Defendant appeared for his initial appearance on February 13, 1995, he requested appointed counsel. Thus, a Pretrial Services Officer filled out a Financial Affidavit, and prepared a Pretrial Services Report, with information obtained from Defendant and reported in both documents that Defendant had cash in the amount of $441. The Complaint filed against Defendant stated that the $441 was on Defendant's person at the time of his arrest, that Defendant had lived in the United States without immigration documents for seven years, and that Defendant last worked as a waiter at the Carnival Casino in Las Vegas, Nevada (where Defendant used the name of another person and a Social Security number whose origin was not disclosed). When questioned under oath, Defendant confirmed that he had $441.

At the end of Defendant's initial appearance, this court appointed the Federal Public Defender to represent Defendant and ordered that, no later than February 22, 1995, Defendant pay $200 into the registry of the court as partial payment of his attorney's fee.[1] Defendant paid the $200 on February 17, 1995.

Defendant's next court appearance, a misdemeanor arraignment, was held on February 22, 1995, at which time Defendant was represented by Assistant Federal Public Defender, Amy K. Beaton. Defendant pled guilty to the charge in the Complaint[2] and asked to be sentenced without a presentence report. Defendant was sentenced to four months in prison and a $10 special assessment.

At the end of the sentencing hearing, Ms. Beaton asked this court to remit $120 of the $200 paid by Defendant in light of the limited amount of time she had spent on Defendant's case. Specifically, she stated that she spent one-half hour out of court discussing the case with Defendant and no more than one hour in court. Thus, based on the hourly rates in 18 U.S.C. § 3006A(d)(1),[3] her fee would be no more than $80. This court denied her request.

The next day, the Motion and supporting Memorandum discussed herein were filed. In these pleadings, Defendant argues that the $200 ordered by this court and paid by Defendant is excessive because, when imposing such orders, courts are limited by the hourly rates stated in 18 U.S.C. § 3006A(d)(1). Attached to the Memorandum is an Affidavit signed by Ms. Beaton in which she states that she spent one-half hour out of court discussing the case with Defendant and preparing him for his guilty plea

1. This court describes the $200 as a "partial" payment because Defendant would have had to pay more than $200 in order to hire an attorney.

2. The Complaint charged Defendant with attempting to enter the United States by falsely claiming to be a United States citizen in violation of 8 U.S.C. § 1325.

3. These hourly rates are $60 per hour for in-court time and $40 per hour for out-of-court time. 18 U.S.C. § 3006A(d)(1).

and sentencing. She correctly states that, on February 22, 1995, this court took guilty pleas from and sentenced a total of five defendants, that Ms. Beaton represented Defendant and three other defendants, and that another attorney represented the fifth defendant. Ms. Beaton also correctly states that the total time she spent in court on February 22, 1995 was approximately two hours. Thus, she states, her in-court time for Defendant's case was no more than one-half hour, instead of the one hour she stated at Defendant's sentencing hearing. In conclusion, Ms. Beaton asserts that her fee would be a minimum of $50 (one-half hour out of court and one-half hour in court) and a maximum of $80 (one-half hour out of court and one hour in court).

The question is whether the court is limited by the hourly rates stated in § 3006A(d)(1) when the court orders a defendant to reimburse the government, partially or totally, for the fee of an appointed Assistant Federal Public Defender.[4] Nothing in § 3006A indicates that courts are so limited.

First, subsection (g) of § 3006A defines two types of "defender organizations": "Federal Public Defender Organization[s]" and "Community Defender Organization[s]." 18 U.S.C. § 3006A(g)(2)(A) & (B). Federal public defender organizations consist of "salaried attorneys" whose pay is fixed by the court of appeals for the circuit in which the federal public defender organization operates. 18 U.S.C. § 3006A(g)(2)(A). Of particular significance is that payments to a federal public defender organization under subparagraph (g)(2)(A) "**shall** be in lieu of payments under subsection (d) or (e)."[5] *Id.* (emphasis added). A community defender organization is defined as "a nonprofit defense counsel service established and administered by any group ... to provide representation." 18 U.S.C. § 3006A(g)(2)(B). Of particular significance is that community defender organizations "**may** ... receive periodic sustaining grants [ ] in lieu of payments under subsection (d) or (e)." *Id.* (emphasis added) (order of quoted phrases reversed). Thus, federal public defender organizations and community defender organizations are not only defined as different kinds of entities, but they are paid by different methods. Differences in the methods of payment are further explained in subsections (d) and (f).

Subsection (d)(1) states the following:

Any attorney appointed pursuant to this section or a bar association or legal aid agency or **community defender organization** which has provided the appointed attorney shall ... be compensated at a rate not exceeding $60 per hour for time ex-

---

**4.** This court's research uncovered no case addressing this question. However, two reported cases, which skirt the edges of this question, will be discussed. The first case, *United States v. Balback*, 773 F.Supp. 4, 5 (W.D.Tex.1991), was cited by Ms. Beaton. In that case, the defendant, who had been represented by the Federal Public Defender, sought a refund of money defendant had paid for his attorney. The refund was based on the number of hours the Assistant Federal Public Defender had spent multiplied by the statutory hourly rates. *Id.* at 5–6. The magistrate judge's order had required the defendant to pay " 'attorney's fees at the statutory rate as found in 18 U.S.C. § 3006A(d) in full.' " *Id.* at 5. Because of this language in the magistrate judge's order, the district court's opinion assumed the applicability of the statutory hourly rates and decided only the question of the amount of refund defendant should receive. *Id.* at 4–6. The Court did note, however, that the statutory hourly rates "probably underestimate the true cost to the government of providing the constitutionally-required representation to indigent defendants." *Id.* at 6. In *Rodriguez v. Taylor*, 569 F.2d 1231,

1244, 1247, 1249 (3d Cir.1977), the Court addressed whether the hourly rates in § 3006A(d) should be used to figure the amount of plaintiffs' attorneys' fees in a civil case filed under the Age Discrimination in Employment Act where the provider of plaintiffs' attorneys was a legal services organization. In dicta, the Court said that, "[u]nder the Criminal Justice Act, court-appointed counsel, whether they be from the private bar or a **public defender organization**, are entitled to the limited amounts" under § 3006A(d). *Id.* at 1249 (emphasis added). If, by the term "public defender organization," the Court meant both federal public defender and community defender organizations, this court disagrees with the quoted statement, as explained in the text, *infra*.

**5.** As discussed in the text, *infra*, subsection (d)(1) sets the hourly rates paid to all appointed attorneys except federal public defenders. *See infra* note 6 for other similar provisions in subsection (d). Subsection (e) discusses the amounts and methods of payment for services other than counsel, such as investigative and expert services.

pended in court ... and $40 per hour for time reasonably expended out of court. 18 U.S.C. § 3006A(d)(1) (emphasis added). Thus, when listing the kinds of appointed attorneys who must be compensated according to the statutory hourly rates, the statute excludes "federal public defender organizations." [6]

Subsection (f) states that, when a court orders a defendant to pay a fee for his/her appointed attorney, the court **"may authorize...that such funds be paid to the** appointed attorney, to the bar association or legal aid agency or **community defender organization...** or to the court for deposit in the Treasury." 18 U.S.C. § 3006A(f) (emphasis added). There is no similar provision for direct payment to a federal public defender organization. 18 U.S.C. § 3006A(a)–(k).

In summary, these provisions disclose that, for purposes of compensating appointed attorneys and paying the statutory hourly rates, § 3006A distinguishes between, on the one hand, federal public defender organizations, and, on the other hand, community defender organizations and the other types of providers of attorneys. This court concludes that § 3006A provides no authority for the proposition that, when the Federal Public Defender is appointed to represent a defendant in a criminal case and the defendant has some resources to pay an attorney's fee, the court is limited in the amount the defendant can be ordered to pay by the hourly rates stated in § 3006A(d).

In the absence of statutory authority for the proposition argued by Defendant, this court, on February 24, 1995, telephoned the Magistrate's Division of the Administrative Office ("AO") to locate any authority for Defendant's proposition. This court spoke with an attorney, Melanie L. Fess, who said that she would look for such authority. On Feb-

ruary 28, 1995, Ms. Fess telephoned this court to say that she had spoken with attorney Mark Savadow in the Defender Services Division of the AO, who said that the statutory hourly rates do apply when the Federal Public Defender is appointed. But, neither Mr. Savadow nor Ms. Fess could find this policy in writing. Of particular significance is the fact that they found nothing in writing from the Judicial Conference or its Defender Services Committee. *See generally* 28 U.S.C. §§ 331, 604 (defining the authority and duties of the Judicial Conference and the AO); *see, e.g.,* 18 U.S.C. § 3006A(d)(1) (stating that the authorization to set maximum hourly rates rests with the Judicial Conference). The only written statement they found which touches on this question is a memorandum dated July 19, 1990 from Dewey R. Heising, Chief of the Financial Division of the AO, which states that, "[i]n cases where representation is provided by a Federal Public Defender or Community Defender Organization, the Defender Services Division should be contacted to determine the applicable *direct cost rates* to be applied in those cases." Ms. Fess and Mr. Savadow define "direct cost rates" as hourly rates for appointed attorneys.[7]

On March 13, 1995, this court telephoned the Defender Services Division and spoke with Mr. Savadow, who confirmed that the question has not been addressed by the Judicial Conference's Defender Services Committee. Mr. Savadow expects that the question will be presented to that committee before, or at, the committee's next meeting in June 1995 in order to obtain an official, written policy statement on this question.

Thus, at this point in time, the statute is the only authority containing an answer to the question. The *opinion of the Defender*

---

6. "Federal public defender organizations" are also excluded from paragraphs (2) and (4) of subsection (d). Paragraph (2) talks about the maximum amounts that can be paid to attorneys other than federal public defenders. 18 U.S.C. § 3006A(d)(2). Paragraph (4) talks about the filing of compensation claims by attorneys other than federal public defenders and the fixing by the courts of amounts to be paid to attorneys other than federal public defenders. 18 U.S.C. § 3006A(d)(4).

7. On February 28, 1995, Ms. Fess also stated that the Defender Services Division would continue to look for a written statement by the Judicial Conference and/or its Defender Services Committee on this question. On March 2, 1995, Ms. Fess telephoned this court to say that the Defender Services Division had found nothing in writing.

Services Division of the AO is not controlling on this court. *See generally* 28 U.S.C. §§ 331, 604 (defining the authority and duties of the Judicial Conference and the AO); *see, e.g.,* 18 U.S.C. § 3006A(d)(1) (stating that the authorization to set maximum hourly rates rests with the Judicial Conference). The Judicial Conference, through its Defender Services Committee, has not yet resolved this question. And there is no re- ported case addressing this question. Based on the language in § 3006A, discussed above, this court concludes that, when courts appoint the Federal Public Defender to represent a Defendant in a criminal case, the court, when setting an amount to be paid by the defendant, is not limited by the hourly rates stated in § 3006A(d)(1).

It is therefore ORDERED that Defendant's Motion to Reconsider Request for Remission of Excess Attorneys Fees shall be, and it is hereby, DENIED.